UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
:
NEWTEK MEDIA CAPITAL d/b/a :
DC MEDIA, LLC, : Civil Action No.: 08 Civ. 5746 (DAB)(DFE)
:
Plaintiff, :
: **NOTICE OF MOTION**
v. :
:
IMAGINE FULFILLMENT SERVICES, :
LLC, :
:
Defendant. :
:
------------------------------------------------------x

**PLEASE TAKE NOTICE** that pursuant to Rules 12(b)(2), (b)(3) and (b)(6) of the Federal Rules of Civil Procedure, Defendant, Imagine Fulfillment Services, LLC ("IFS"), will move this Court, at the United States Courthouse located at 500 Pearl Street, New York, New York 10007, before the Honorable Deborah A. Batts, on a date and time to be determined by the Court for an Order: (1) granting IFS' motion to dismiss the Complaint because: (a) this Court does not have personal jurisdiction over IFS; (b) venue is improper in the United States District Court for the Southern District of New York; and (c) the Complaint fails to state a claim for breach of contract; and (2) awarding IFS such other and further relief that this Court deems just and proper including, but not limited to, reasonable attorneys' fees and costs.

A true and accurate copy of the Complaint is attached hereto as Exhibit A. IFS' Memorandum of Law In Support of Its Motion to Dismiss the Complaint, and the Affidavit of Andy Arvidson and the exhibit attached thereto, are submitted herewith.

Dated: July 31, 2008
      New York, New York

                        Respectfully submitted,

                        VENABLE LLP
                        Rockefeller Center
                        1270 Avenue of the Americas, 25th Floor
                        New York, New York 10020
                        (212) 307-5500

By: _____
                        Edmund M. O'Toole (EO-7939)
                        Shaffin A. Datoo (SD-6929)

                        ATTORNEYS FOR DEFENDANT
                        Imagine Fulfillment Services, LLC

To:    Nicholas P. Giuliano, Esq.
         Bennett, Giuliano, McDonnell & Perrone, LLP
         494 Eighth Avenue, 7th Floor
         New York, New York 10001

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff
494 Eighth Avenue, 7th Floor
New York, New York 10001
Telephone:   (646) 328-0120
Nicholas P. Giuliano (NG 1060)



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
NEWTEK MEDIA CAPITAL d/b/a
DC MEDIA, LLC,

                Plaintiff,

- against -                                                COMPLAINT

IMAGINE FULFILLMENT SERVICES, LLC,

                Defendant,
----------------------------------------------------------X

      Plaintiff, NEWTEK MEDIA CAPITAL d/b/a DC MEDIA, LLC ("NEWTEK"), by its attorneys, Bennett, Giuliano, McDonnell & Perrone, LLP, for its complaint against defendant, IMAGINE FULFILLMENT SERVICES, LLC, ("IMAGINE"), states as follows:

      1.    NEWTEK is a New York limited liability company with its principal place of business in New York at 1440 Broadway, New York, NY 10018.

      2.    IMAGINE is a California limited liability company with its principal place of business in Torrance, CA.

      3.    This Court has diversity jurisdiction in that the parties are citizens of different states and the amount in controversy exceeds $75,000 exclusive of interest and costs.

      4.    NEWTEK is in the business of specialty consulting to direct response companies and provides financial advances for its clients' advertising.

5. NEWTEK is the successor-in-interest to or assignee of ShopFlash Inc. ("ShopFlash").

6. IMAGINE is in the business of providing order fulfillment and warehousing services to sellers, including direct response companies, such as ShopFlash Inc.

7. In November 2005, ShopFlash entered into a contract with NEWTEK, whereby NEWTEK agreed to finance ShopFlash's television and internet advertising of "Power Storm" vacuums.

8. As security for the repayment of the financing, ShopFlash gave NEWTEK a security interest in its' entire vacuum sales business, including a power of attorney to effectuate the security interest.

9. Thereafter, NEWTEK paid for the television advertising negotiated by or for ShopFlash in connection with its sale of "Power Storm" vacuums.

10. Between December 2005 through June 2006, NEWTEK financed approximately $4,100,000 worth of advertising for ShopFlash.

11. ShopFlash had a contract with IMAGINE dated April 1, 2006 (the "Contract"), pursuant to which IMAGINE agreed to perform fulfillment services for ShopFlash in connection with the Power Storm infomercial project.

12. The Contract required IMAGINE to, among other things, provide proper storage of inventory and materials, quarterly inventory counts, daily cycle counts, and provide ShopFlash with prompt and accurate reporting of sales, returns, and inventory.

13. In or about June 2006, ShopFlash became unable to pay its critical vendors, including NEWTEK.

14. As a result, ShopFlash could not buy advertising time, inventory, or complete existing sales of its "Power Storm" vacuums.

15. At that time, ShopFlash owed NEWTEK about $1,000,000.

16. In an effort to mitigate damages, NEWTEK, pursuant to its security interest, took over the "Power Storm" project and attempted to sell the product that ShopFlash had advertised, but not paid for (12,000 pieces), prior to defaulting.

17. In about July 2006, NEWTEK paid for the vacuum inventory, unpaid vendors, IMAGINE's fees, and other creditors.

18. From July – November 2006, NEWTEK ran the Power Storm Infomercial numerous times.

19. During this time, it became clear that the information provided by IMAGINE was not accurate, *i.e.*, IMAGINE failed to state what orders were not processed.

20. As a result of the inaccuracy of the data provided by IMAGINE, NEWTEK continued the Power Storm project on the mistaken belief that the project was profitable.

21. IMAGINE also billed NEWTEK for services that were inadequately performed in the amount of about $900,000.

22. On or about February 22, 2007, NEWTEK asked IMAGINE for an accounting of its warehousing, data processing, and credit card processing.

23. IMAGINE refused to permit an accounting.

### AS AND FOR A FIRST CAUSE OF ACTION

24. Plaintiff NEWTEK repeats and realleges each and every allegation contained in paragraphs 1-23 above with the same force and effect as if set forth herein at length.

25. Defendant IMAGINE breached its contract with NEWTEK.

26. As a result of the breach, NEWTEK has suffered damages in the amount of at least $100,000, but to be determined upon an accounting of IMAGINE's books and records.

## AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff NEWTEK repeats and realleges each and every allegation contained in paragraphs 1-26 above with the same force and effect as if set forth herein at length.

28. Defendant IMAGINE breached its bailment agreement with NEWTEK.

29. As a result of the breach, NEWTEK has suffered damages in the amount of at least $100,000, but to be determined upon an accounting of IMAGINE's books and records.

## AS AND FOR A THIRD CAUSE OF ACTION

30. Plaintiff NEWTEK repeats and realleges each and every allegation contained in paragraphs 1-29 above with the same force and effect as if set forth herein at length.

31. Defendant IMAGINE owes NEWTEK an accounting of its handling of the Power Storm project.

32. As a result of the breach, NEWTEK has suffered damages in the amount of at least $100,000, but to be determined upon an accounting of IMAGINE's books and records.

WHEREFORE, plaintiff requests judgment against the defendant on each of the causes of action in an amount determined upon an accounting of the defendant's records, together with interest, costs, disbursements, and such other, further, and different relief as may be just, proper, and equitable.

Dated: New York, New York
    June 24, 2008

Bennett, Giuliano, McDonnell & Perrone, LLP
Attorneys for Plaintiff

*[signature]*
_____
Nicholas P. Giuliano
494 Eighth Avenue, 7th Floor
New York, New York 10122
Telephone:    (646) 328-0120

Z:\Documents\All Files\D696 Imagine\Pleadings\Complaint-120307.doc