UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------x
                                                      :
NEWTEK MEDIA CAPITAL d/b/a                            :
DC MEDIA, LLC,                                        :    Civil Action No.: 08 Civ. 5746 (DAB)(DFE)
                                                      :
       Plaintiff,                                     :
                                                      :
       v.                                             :
                                                      :
IMAGINE FULFILLMENT SERVICES,                         :
LLC,                                                  :
                                                      :
       Defendant.                                     :
                                                      :
------------------------------------------------------x


## DEFENDANT'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT

 

VENABLE LLP
Rockefeller Center
1270 Avenue of the Americas, 25th Floor
New York, New York 10020
(212) 307-5500

Counsel:
Edmund M. O'Toole (EO-7939)
Shaffin A. Datoo (SD-6929)

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... i

PRELIMINARY STATEMENT .............................................................................................. 1

STATEMENT OF FACTS ....................................................................................................... 2

ARGUMENT ............................................................................................................................ 4

    POINT I

    THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT
    IMAGINE FULFILLMENT SERVICES, LLC ................................................................ 4

        A.    This Court Lacks Personal Jurisdiction Over IFS Because It Is Not Systematically
            And Continuously "Doing Business" In New York .......................................... 5

        B.    This Court Lacks Personal Jurisdiction Over IFS Because It Does Not Transact
            Any Business Or Supply Goods Or Services In New York ............................... 5

    POINT II

    VENUE IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN
    DISTRICT OF NEW YORK IS IMPROPER ................................................................. 9

    POINT III

    ALTERNATIVELY, THIS COURT SHOULD TRANSFER THIS ACTION TO
    THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT
    OF CALIFORNIA ......................................................................................................... 11

    POINT IV

    THE COMPLAINT FAILS TO ADEQUATELY ALLEGE A CONTRACTUAL
    RELATIONSHIP BETWEEN NEWTEK AND IFS ...................................................... 12

CONCLUSION ....................................................................................................................... 14

## **TABLE OF AUTHORITIES**

3H Enters., Inc. v. Dwyre,
   182 F. Supp. 2d 249 (N.D.N.Y. 2001) .................................................................. 10

Acacia, Ltd. v. Republic of Slovenia,
   984 F. Supp. 209 (S.D.N.Y. 1997) ...................................................................... 13

American Edelstall, Inc. v. Maier,
   460 F. Supp. 613 (S.D.N.Y. 1978) ..................................................................... 5, 8

Arikat v. JP Morgan Chase & Co.,
   430 F. Supp. 2d 1013 (N.D.Ca. 2006) ................................................................. 13

Bensusan Rest. Corp. v. King,
   937 F. Supp. 295 (S.D.N.Y. 1996) ..................................................................... 4, 6

Burger King Corp. v. Rudzewicz,
   471 U.S. 462 (1985) ............................................................................................... 8

Caremark Therapeutic Servs. v. Leavitt,
   405 F. Supp. 2d 454 (S.D.N.Y. 2006) .................................................................... 9

Cohen v. U.S. Fidelity and Guar. Co.,
   04 Civ. 5921 (RMB), 2005 WL 1036097 (S.D.N.Y. May 4, 2005) ..................... 13

Corke v. Sameiet M.S. Song of Norway,
   572 F.2d 77 (2d. Cir. 1978) .................................................................................. 11

Cutco Indus., Inc. v. Naughton,
   806 F.2d 361 (2d Cir. 1986) ................................................................................... 6

Darby v. Compagnie Nationale Air France,
   769 F. Supp. 1255 (S.D.N.Y. 1991) ....................................................................... 9

Digital Lab Solutions, LLC v. Stickler,
   No. 06 Civ. 6482 (LLS), 2007 U.S. Dist. LEXIS 18396 (S.D.N.Y. Mar. 7, 2007) .......... 4, 8, 12

Fort Knox Music, Inc. v. Baptiste,
   257 F.3d 108 (2d. Cir. 2001) ................................................................................ 11

Frummer v. Hilton Hotels Int'l, Inc.,
   19 N.Y.2d 533, 227 N.E.2d 851, 281 N.Y.S.2d 41 (1967) ..................................... 5

Goldlawr, Inc. v. Heiman,
   369 U.S. 463 (1962) ............................................................................................. 11

Gulf Ins. Co. v. Glasbrenner,
  417 F.3d 353 (2d Cir. 2005)...................................................................................... 10

Hoffritz for Cutlery, Inc. v. AMAJAC, Ltd.,
  763 F.2d 55 (2d Cir. 1985)..................................................................................... 4, 5

Independent Nat'l Distribs., Inc. v. Black Rain Commc'ns, Inc.,
  No. 94 Civ. 8464 (JFK), 1995 U.S. Dist. LEXIS 14086 (S.D.N.Y. Sept. 27, 1995).................. 9

International Shoe Co. v. Washington,
  326 U.S. 310 (1945)................................................................................................ 9

Jazini v. Nissan Motor Co.,
  148 F.3d 181 (2d Cir. 1998).................................................................................. 4, 6

Kreutter v. McFadden Oil Corp.,
  71 N.Y.2d 460, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988)............................................... 6

Lipin v. Hunt,
  538 F. Supp. 2d 590 (S.D.N.Y. 2008)......................................................................... 6

McGowan v. Smith,
  52 N.Y.2d 268, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981)........................................ 5, 8

Minette v. Time Warner,
  997 F.2d 1023 (2d Cir. 1993).................................................................................. 11

Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc.,
  156 A.D.2d 550, 549 N.Y.S.2d 57 (2d Dept. 1989) .................................................... 13

Realuyo v. Abrille,
  93 Fed. Appx. 297 (2d Cir. 2004).............................................................................. 5

Realuyo v. Villa Abrille,
  No. 01 Civ. 10158 (JGK), 2003 U.S. Dist. LEXIS 11529 (S.D.N.Y. July 7, 2003)............... 6, 8

Startech, Inc. v. VSA Arts,
  126 F.Supp.2d 234 (S.D.N.Y. 2000)....................................................................... 13

Sunward Elecs., Inc. v. McDonald,
  362 F.3d 17 (2d Cir. 2004)..................................................................................... 7

Thomas v. Ashcroft,
  470 F.3d 491 (2d Cir. 2006)................................................................................... 6

World-Wide Volkswagen Corp. v. Woodson,
  444 U.S. 286 (1980)............................................................................................. 8

Gulf Ins. Co. v. Glasbrenner,
  417 F.3d 353 (2d Cir. 2005)...................................................................................... 10

Hoffritz for Cutlery, Inc. v. AMAJAC, Ltd.,
  763 F.2d 55 (2d Cir. 1985)..................................................................................... 4, 5

Independent Nat'l Distribs., Inc. v. Black Rain Commc'ns, Inc.,
  No. 94 Civ. 8464 (JFK), 1995 U.S. Dist. LEXIS 14086 (S.D.N.Y. Sept. 27, 1995).................. 9

International Shoe Co. v. Washington,
  326 U.S. 310 (1945)................................................................................................ 9

Jazini v. Nissan Motor Co.,
  148 F.3d 181 (2d Cir. 1998).................................................................................. 4, 6

Kreutter v. McFadden Oil Corp.,
  71 N.Y.2d 460, 522 N.E.2d 40, 527 N.Y.S.2d 195 (1988)............................................... 6

Lipin v. Hunt,
  538 F. Supp. 2d 590 (S.D.N.Y. 2008)......................................................................... 6

McGowan v. Smith,
  52 N.Y.2d 268, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981)........................................ 5, 8

Minette v. Time Warner,
  997 F.2d 1023 (2d Cir. 1993).................................................................................. 11

Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc.,
  156 A.D.2d 550, 549 N.Y.S.2d 57 (2d Dept. 1989) .................................................... 13

Realuyo v. Abrille,
  93 Fed. Appx. 297 (2d Cir. 2004).............................................................................. 5

Realuyo v. Villa Abrille,
  No. 01 Civ. 10158 (JGK), 2003 U.S. Dist. LEXIS 11529 (S.D.N.Y. July 7, 2003)............... 6, 8

Startech, Inc. v. VSA Arts,
  126 F.Supp.2d 234 (S.D.N.Y. 2000)....................................................................... 13

Sunward Elecs., Inc. v. McDonald,
  362 F.3d 17 (2d Cir. 2004)..................................................................................... 7

Thomas v. Ashcroft,
  470 F.3d 491 (2d Cir. 2006)................................................................................... 6

World-Wide Volkswagen Corp. v. Woodson,
  444 U.S. 286 (1980)............................................................................................. 8

## **PRELIMINARY STATEMENT**

Plaintiff, Newtek Media Capital d/b/a DC Media, LLC ("Newtek"), a non-party to a contract entered into on or about April 1, 2006 ("Contract") between ShopFlash, Inc. ("ShopFlash") and Defendant, Imagine Fulfillment Services, LLC ("IFS"), commenced this action against IFS claiming that IFS breached some unspecified duty to Newtek. Although IFS, a California limited liability company, does not transact any business in New York and does not generally do business in New York, Plaintiff inexplicably and improperly filed suit in New York, even though the Contract was entered into and performed entirely in California. Accordingly, the Complaint should be dismissed.

Specifically, as set forth in Defendant's Notice of Motion, Defendant's Memorandum of Law in Support of Its Motion to Dismiss, and the Affidavit of Andy Arvidson, sworn to July 26, 2008 ("Arvidson Aff."), and the exhibit attached thereto, IFS moves to dismiss the Complaint pursuant to Fed. R. Civ. P. R.12(b)(2), (3) and (6) because:

(1) This Court does not have personal jurisdiction over IFS because it is not: (i) "doing business" in New York; (ii) transacting any business in New York; or (iii) supplying any goods or services in New York; and

(2) Venue is improper in the Southern District of New York because a substantial part of the events or omissions giving rise to the claim did not occur in New York and because this action could have been brought in the United States District Court for the Central District of California; and

(3) The Complaint fails to allege that Newtek had a contractual relationship with IFS.

Thus, IFS respectfully requests that this Court grant its motion to dismiss the Complaint or, alternatively, transfer this action to the United States District Court for the Central District of California.

**STATEMENT OF FACTS**

IFS, which was co-founded in the late-90's and is co-owned by Andy Arvidson ("Arvidson"), is an order fulfillment company that provides order fulfillment services for the direct response industry. (Arvidson Aff. ¶¶1, 2). For example, IFS provides, among other services, warehousing, assembly, data entry and inventory services for its clients. (Arvidson Aff. ¶2). IFS is a limited liability company incorporated under the laws of California. (Arvidson Aff. ¶3). IFS is not authorized to conduct business in New York and has never applied for such authority. (Arvidson Aff. ¶3).

IFS' headquarters is located at 20100 South Vermont Avenue in Torrance, California, which is in Los Angeles County. (Arvidson Aff. ¶4). IFS, which employs approximately 300 full-time employees and has approximately 300,000 square feet of building space in California, has never had a single employee or any office space, including a warehouse or other real property, in New York. (Arvidson Aff. ¶5). Furthermore, IFS has never: (a) maintained a bank account in New York; (b) maintained a telephone listing in New York; (c) directly advertised its services in New York; (d) sent an employee to New York in connection with any IFS-related business activity; or (e) contracted to supply goods or services in New York, with the exception of occasionally shipping goods to New York pursuant to orders sent from New York to California from IFS' client's customers. (Arvidson Aff. ¶6).

On or about April 1, 2006, IFS entered into the Contract in California with ShopFlash, a direct marketing and distribution company of personal and home care products, whereby IFS agreed to provide order fulfillment services to ShopFlash with respect to a product known as the "Power Storm Vacuum." (Arvidson Aff. ¶7; Arvidson Aff., Exhibit A, p.3, §12). Specifically, IFS agreed, among other things, to fulfill orders, process returns, store the product, provide

customer service via call centers, receive and track inventory, and make local deliveries. (Arvidson Aff. ¶7). The Contract did not require IFS to supply goods or services in New York. (Arvidson Aff. ¶8). In fact, all of the services IFS agreed to provide were provided by IFS entirely in California. (Arvidson Aff. ¶8; Arvidson Aff., Exhibit A, p.3, §12).

Arvidson negotiated the terms of the Contract on behalf of IFS. (Arvidson Aff. ¶9). All of his negotiations with ShopFlash regarding the contract took place over the telephone in California and through e-mail. (Arvidson Aff. ¶9). Arvidson did not travel to New York to negotiate the contract. (Arvidson Aff. ¶9). In fact, Arvidson has only been to New York approximately four times in his forty-two year lifetime and each time was for non-business reasons. (Arvidson Aff. ¶9).

The terms of the Contract were reflected in a writing prepared by IFS in California. (Arvidson Aff. ¶10). However, the Contract was never executed. (Arvidson Aff. ¶10). Nevertheless, the writing indicates that the Contract was governed by California law. (Arvidson Aff. ¶10).

In or around June 2006, Newtek purportedly took over the "Power Storm Vacuum" project from ShopFlash and sought to continue ShopFlash's relationship with IFS. (Complaint ¶¶13, 16; Arvidson Aff. ¶11).[1] Although IFS continued to provide order fulfillment services regarding the "Power Storm Vacuum" project and Newtek forwarded monies for said services to IFS in California, at no point in time did IFS and Newtek enter into a contract regarding the "Power Storm Vacuum" project. (Arvidson Aff. ¶11). Moreover, at no time did Newtek ever indicate that ShopFlash had assigned its rights under any agreement with IFS to Newtek. (Arvidson Aff. ¶11).

---

[1] A true and accurate copy of the Complaint is attached as Exhibit A to the Notice of Motion submitted herewith.

In working with Newtek regarding the "Power Storm Vacuum" project, Arvidson regularly communicated with, among others, Ryan Dall ("Dall") by e-mail and over the phone. (Arvidson Aff. ¶12). Dall, who is the day-to-day Director of Newtek, lives in California and has a cellular phone number and an office phone number with an "805" area code. (Arvidson Aff. ¶12). An "805" area code is a California area code. (Arvidson Aff. ¶12). Any relationship IFS had with Newtek terminated in January 2007. (Arvidson Aff. ¶13).

## ARGUMENT

## POINT I

### THIS COURT LACKS PERSONAL JURISDICTION OVER DEFENDANT IMAGINE FULFILLMENT SERVICES, LLC

Newtek bears the burden of establishing a *prima facie* case that personal jurisdiction exists over IFS. See Hoffritz for Cutlery, Inc. v. AMAJAC, Ltd., 763 F.2d 55, 57 (2d Cir. 1985). Accordingly, Newtek must come forward with facts, by affidavit or otherwise, that support personal jurisdiction. Id. Conclusory allegations are insufficient to establish a *prima facie* case that personal jurisdiction exists. See, e.g., Jazini v. Nissan Motor Co., 148 F.3d 181, 184 (2d Cir. 1998). In considering the merits of IFS' motion to dismiss, this Court may receive and weigh evidence, including affidavits, outside of the pleadings. See Bensusan Rest. Corp. v. King, 937 F. Supp. 295 (S.D.N.Y. 1996). As set forth below, the Complaint fails to allege facts sufficient to support personal jurisdiction over IFS. Indeed, as the Arvidson affidavit and the exhibit attached thereto make clear there is no basis for personal jurisdiction.[2]

---

[2] Plaintiff fails to allege any basis for personal jurisdiction under the CPLR, which governs the analysis in this diversity jurisdiction setting. See, e.g., Digital Lab Solutions, LLC v. Stickler, No. 06 Civ. 6482 (LLS), 2007 U.S. Dist. LEXIS 18396, at *9 (S.D.N.Y. Mar. 7, 2007).

A.   **This Court Lacks Personal Jurisdiction Over IFS Because It Is Not Systematically And Continuously "Doing Business" In New York**

Pursuant to CPLR §301, a foreign defendant can be sued in New York "if it is engaged in such a continuous and systematic course of doing business here as to warrant a finding of its presence in this jurisdiction." Realuyo v. Abrille, 93 Fed. Appx. 297, 299 (2d Cir. 2004) (quoting Frummer v. Hilton Hotels Int'l, Inc., 19 N.Y.2d 533, 227 N.E.2d 851, 281 N.Y.S.2d 41 (1967). To determine whether a defendant is doing business in New York, a court considers the following factors: "the existence of an office in New York; the solicitation of business in the state; the presence of bank accounts and other property in the state; and the presence of employees of the foreign defendant in the state." Hoffritz for Cutlery, Inc., 763 F.2d at 58.

In this case, notwithstanding the fact that the Complaint fails to allege that IFS is subject to general jurisdiction in New York, IFS does not meet any of the aforementioned elements. As set forth in the Arvidson affidavit, IFS, a California limited liability company, does not have any offices, real property, employees, telephone listings or bank accounts in New York. (Arvidson Aff. ¶¶3, 5, 6). Furthermore, IFS does not directly advertise or have authority (and has never applied for such) to conduct business in New York. (Arvidson Aff. ¶¶3, 6).[3] Therefore, this Court lacks general jurisdiction pursuant to CPLR §301 over IFS.

B.   **This Court Lacks Personal Jurisdiction Over IFS Because It Does Not Transact Any Business Or Supply Goods Or Services In New York**

In addition, this Court also lacks specific jurisdiction pursuant to CPLR §302 over IFS. When a plaintiff asks a New York court to assert personal jurisdiction over a non-resident pursuant to CPLR §302(a)(1), a two-pronged analysis is undertaken. First, does the New York

---

[3]   As fully set forth in Point I. B. below, to the extent IFS occasionally ships some products into New York, that isolated fact - standing alone - is insufficient to confer general jurisdiction over IFS under CPLR §301. See McGowan v. Smith, 52 N.Y.2d 268, 271, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981); American Edelstall, Inc. v. Maier, 460 F. Supp. 613, 619 (S.D.N.Y. 1978).

5

"long-arm" statute authorize jurisdiction? If the exercise of personal jurisdiction is appropriate under the statute, the court then must decide whether the exercise of jurisdiction comports with due process. See Bensusan, 937 F. Supp. at 295. As the plaintiff here, Newtek must allege facts that make a *prima facie* showing of personal jurisdiction over IFS. See, e.g., Jazini, 148 F.3d at 184 ("Our cases show that . . . a plaintiff challenged by a jurisdiction testing motion may defeat the motion by . . . making a prima facie showing of jurisdiction") (internal quotations and citations omitted); Lipin v. Hunt, 538 F. Supp. 2d 590, 597 (S.D.N.Y. 2008) ("In order to survive a motion to dismiss for lack of personal jurisdiction, a plaintiff must make a prima facie showing that jurisdiction exists") (quoting Thomas v. Ashcroft, 470 F.3d 491, 495 (2d Cir. 2006)). Newtek has not, and indeed, cannot do so.

The New York long-arm statute authorizes a court to exercise jurisdiction over a non-domiciliary that "transacts any business within the state or contracts anywhere to supply goods or services in the state." CPLR §302(a)(1). The New York Court of Appeals interprets this statute "to require a defendant to have 'engaged in purposeful activities' in New York, and [that] there be a 'substantial relationship between the transaction and the claim asserted.'" Realuyo v. Villa Abrille, No. 01 Civ. 10158 (JGK), 2003 U.S. Dist. LEXIS 11529, at *15 (S.D.N.Y. July 7, 2003) (quoting Kreutter v. McFadden Oil Corp., 71 N.Y.2d 460, 466, 522 N.E. 2d 40, 527 N.Y.S.2d 195 (1988)).

"A non-domiciliary transacts business under CPLR §302(a)(1) when he purposefully avails himself of the privilege of conducting activities within New York, thus invoking the benefits and protections of its laws." Cutco Indus., Inc. v. Naughton, 806 F.2d 361, 365 (2d Cir. 1986). Determining whether a non-domiciliary transacts business in New York requires an analysis of the "totality of the circumstances." The Second Circuit applies a multi-factor test to

6

determine whether a defendant "transacts business" in New York, examining: (1) whether the defendant has an ongoing contractual relationship with a New York corporation; (2) whether the contract was negotiated or executed in New York; (3) the effect of any choice-of-law clause in any such contract; and (4) whether the contract requires payments or notices to be sent into New York. Sunward Elecs., Inc. v. McDonald, 362 F.3d 17 (2d Cir. 2004).

An analysis of these factors strongly militates against a finding that IFS "transacted business" in New York with respect to the purported relationship contract between IFS and Newtek. First, there is no allegation that IFS has an ongoing contractual relationship with a New York corporation, let alone an ongoing contractual relationship with Newtek. In fact, any relationship IFS had with Newtek terminated in January 2007. (Arvidson Aff. ¶13).

Second, there are no allegations that the Contract was negotiated or executed in New York. In fact, the Contract was neither negotiated nor executed in New York. (Arvidson Aff. ¶¶9, 10). Significantly, the Contract states that it was entered into in California and was to be performed entirely in California. (Arvidson Aff. Exhibit A, p.3, §12). Third, the Contract states that it is to be governed by California law. Fourth, the Contract did not require payments or notices to be sent into New York. In fact, payments for IFS' services were sent to California. (Arvidson Aff. ¶11).

In addition, IFS: (1) is a limited liability company incorporated under the laws of California; (2) is not authorized to conduct business in New York; (3) has no office, warehouse or real property in New York; (4) has no employees in New York; (5) does not have a bank account in New York; (6) does not maintain a telephone listing in New York; and (7) does not directly advertise in New York.

Not only does IFS not transact business in New York, but it also does not supply goods or services in New York within the meaning of CPLR 302(a)(1). For example, IFS has never contracted with any corporation to supply goods or services in New York. (Arvidson Aff. ¶6). The mere fact that IFS ships goods to New York ordered by its clients' customers on occasion is, in and of itself, insufficient to confer personal jurisdiction, and irrelevant because the instant lawsuit is not based on IFS' shipment of "Power Storm Vacuums" to New York residents. See McGowan v. Smith, 52 N.Y.2d 268, 271, 419 N.E.2d 321, 437 N.Y.S.2d 643 (1981) (the mere shipment of goods into New York, without more, does not qualify as sufficient activity to establish jurisdiction under the "transacting business" standard of 302(a)(1); American Edelstall, Inc. v. Maier, 460 F. Supp. 613, 619 (S.D.N.Y. 1978) ("The mere shipment of goods into New York, and the mere sending of letters into New York, is not sufficient."); Realuyo, 2003 U.S. Dist. LEXIS at *15.

Accordingly, after looking at the totality of the circumstances, IFS did not transact business in New York and did not contract anywhere to supply goods or services in New York. See, e.g., Digital Lab Solutions, LLC v. Stickler, No. 06 Civ. 6482 (LLS), 2007 U.S. Dist. LEXIS 18396, at *9 (S.D.N.Y. Mar. 7, 2007) (finding that defendants did not transact business in New York and are not subject to personal jurisdiction under CPLR §302(a)(1)).

Even if this Court were to conclude that New York's long-arm statute authorized personal jurisdiction over IFS, this Court would then also have to determine whether asserting personal jurisdiction over IFS would be consistent with the Due Process Clause of the United States Constitution. See, e.g., Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475-76 (1985); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 292 (1980). Due process requires that, before it be subjected to the jurisdiction of the New York courts, IFS "purposefully avail itself"

of the benefits of doing business in New York and have 'minimum contacts' with the forum state such that the 'maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" Darby v. Compagnie Nationale Air France, 769 F. Supp. 1255, 1262 (S.D.N.Y. 1991) (quoting International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).

IFS has no significant contacts with New York. As set forth above, IFS' alleged connection with New York is not such that it could reasonably anticipate being haled into court here, and the Complaint does not adequately assert that IFS carries on a "continuous and systematic" part of its general business within New York. See Independent Nat'l Distribs., Inc. v. Black Rain Commc'ns, Inc., No. 94 Civ. 8464 (JFK), 1995 U.S. Dist. LEXIS 14086, at *13 (S.D.N.Y. Sept. 27, 1995) (quoting Darby, 769 F. Supp. at 1262-63. Accordingly, the exercise of personal jurisdiction over IFS would run afoul of IFS' Due Process considerations.

### POINT II

### VENUE IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK IS IMPROPER

The Complaint should also be dismissed for the separate and distinct reason that venue in the United States District Court for the Southern District of New York is improper. See Fed. R. Civ. P. 12(b)(3). Simply put, Newtek has failed to carry its burden of showing that venue is proper in this district because the "substantial part of the events" giving rise to this action took place outside of New York, and venue is appropriate only in the United States District Court for the Central District of California. See, e.g., Caremark Therapeutic Servs. v. Leavitt, 405 F. Supp. 2d 454, 457 (S.D.N.Y. 2006) (granting motion to dismiss for lack of venue and transferring action to appropriate district).[4]

---

[4] Again, as with Newtek's failure to allege a basis for personal jurisdiction, Newtek has similarly omitted from its pleading any basis for venue in this District.

The federal venue statute, 28 U.S.C. §1391(a)(2), provides that a civil action may be brought in "a judicial district in which a **substantial** part of the events or omissions giving rise to the claim occurred, or a substantial part of [the] property that is the subject of the action is situated." 28 U.S.C. § 1391(a)(2) (emphasis added). The Second Circuit has instructed district courts to "take seriously the adjective 'substantial'" in construing "the venue statute strictly." Gulf Ins. Co. v. Glasbrenner, 417 F.3d 353, 356 (2d Cir. 2005).

Here, the Contract was neither negotiated nor executed in New York. (Arvidson Aff. ¶¶9, 10). Moreover, the Contract was entered into in California and was performed in California by a California company. (Arvidson Aff. Exhibit A, p.3, §12; Arvidson Aff. ¶¶3, 8). Finally, the alleged breach occurred in California, i.e., IFS failed to state what orders were not processed and IFS refused to permit an accounting. (Complaint ¶¶19, 22).

The "fall-back" provisions of 28 U.S.C. § 1391(a)(3) are similarly inapplicable. See 28 U.S.C. § 1391(a)(3) (venue proper in a judicial district in which defendant is subject to personal jurisdiction "**if** there is no district in which the action may otherwise be brought.") (emphasis added). Section 1391(a)(3) is inapposite, not only because the Court lacks personal jurisdiction over IFS, but "because there is a forum available to the Plaintiff[]…should [it] choose to use it." 3H Enters., Inc. v. Dwyre, 182 F. Supp. 2d 249, 258 (N.D.N.Y. 2001) (dismissing action as to individual defendant for improper venue). Where, as here, the defendant is a corporation, the "corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c). At the time this action was commenced, IFS, a California limited liability company, was headquartered in Torrance, California. Because Newtek could have initiated its claims in the Central District of California, venue is not proper here under §1391(a).

**POINT III**

**ALTERNATIVELY, THIS COURT SHOULD TRANSFER THIS ACTION TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

Alternatively, if this Court determines that it lacks personal jurisdiction over IFS and that venue is improper, it can, in its discretion, transfer the matter to a proper venue in which a court that has jurisdiction over IFS (as opposed to dismissing the action). Fort Knox Music, Inc. v. Baptiste, 257 F.3d 108, 112 (2d. Cir. 2001) ("The district court has this power to transfer venue even if it lacks personal jurisdiction over the defendants."); Corke v. Sameiet M.S. Song of Norway, 572 F.2d 77, 78 (2d. Cir. 1978).

Even assuming, *arguendo*, that this Court has personal jurisdiction over IFS and that venue is proper in this District, transfer to the Central District of California is still warranted "in the interest of justice." See 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."); Goldlawr, Inc. v. Heiman, 369 U.S. 463, 466 (1962) (§1406(a) "authorize[s] the transfer of [a] cas[e] ... whether the court in which it was filed had personal jurisdiction over the defendants or not."); Corke, 572 F.2d at 79 (same). The decision to transfer "lies within the sound discretion of the district court," Minette v. Time Warner, 997 F.2d 1023, 1026 (2d Cir. 1993), upon consideration of the general purpose of §1406: to "remove[e] whatever obstacles may impede an expeditious and orderly adjudication of cases and controversies on the merits." Goldlawr, 369 U.S. at 466-67; Corke, 572 F.2d at 80 (citing Goldlawr).

Transfer to the Central District of California would be appropriate here. The Central District of California has jurisdiction over both IFS and over Newtek since Newtek claims to

11

have assumed unspecified rights as against a California company relating to a purported contract that was entered into and performed in California. (Complaint ¶16; Arvidson Aff., Exhibit A, p.3, §12). Furthermore, Newtek's day-to-day Director lives and works in California and conducted business on behalf of Newtek with IFS with respect to the Contract in California. (Arvidson Aff. ¶12). California is the only forum with a strong connection to the matter. IFS is based in California, its witnesses and documentary evidence is in California, and Newtek is demanding performance of the alleged contract in California.

Moreover, the docket conditions of the two courts support transfer, as the matter is likely to be resolved more quickly in California. See Federal Court Management Statistics 2007, www.uscourts.gov/cgi-bin/cmsd2007.pl. According to court statistics gathered by the federal judiciary, the median time from filing to trial for a civil matter in this Court is approximately twenty-six months, compared to twenty-one months for civil matters filed in the Central District of California. Id. All of these factors make transfer a particularly appropriate way to cure this Court's lack of personal jurisdiction over IFS in this case and the lack of proper venue in this Court. See, e.g., Digital Lab Solutions, LLC, 2007 U.S. Dist. LEXIS at *9 ("all events material to the dispute took place in Los Angeles and this case could have been brought in the United States District Court for the Central District of California. Therefore, in the interests of justice, this case will be transferred there.").

### POINT IV

### THE COMPLAINT FAILS TO ADEQUATELY ALLEGE A CONTRACTUAL RELATIONSHIP BETWEEN NEWTEK AND IFS

Additionally, the Complaint should also be dismissed because Plaintiff fails to adequately allege a contractual relationship existed between Newtek and IFS. The essential elements of an

action for breach of contract under New York law are: (1) the formation of a contract between the parties; (2) plaintiff's performance; (3) defendant's failure to perform; and (4) resulting damages to Plaintiff. See Startech, Inc. v. VSA Arts, 126 F.Supp.2d 234, 236 (S.D.N.Y. 2000). It is also "well established that a plaintiff in a breach of contract action may not assert a cause of action to recover damages for breach of contract against a party with who it is not in privity." Acacia, Ltd. v. Republic of Slovenia, 984 F. Supp. 209, 215 (S.D.N.Y. 1997) (quoting Perma Pave Contracting Corp. v. Paerdegat Boat & Racquet Club, Inc., 156 A.D.2d 550, 551, 549 N.Y.S.2d 57, 58 (2d Dept. 1989).

In Cohen v. U.S. Fidelity and Guar. Co., 04 Civ. 5921 (RMB), 2005 WL 1036097, *6 (S.D.N.Y. May 4, 2005), the court, pursuant to a Fed. R. Civ. P. 12(b)(6) motion, dismissed the plaintiff's breach of contract claim because the plaintiff did not allege a contractual relationship with certain defendants. Similar to Cohen, Newtek also fails to allege a contractual relationship with IFS. Although Newtek alleges it "took over the 'Power Storm' project" (Complaint ¶16), and that IFS breached a contractual duty (Complaint ¶¶25, 28), in the absence of alleging a specific contractual relationship with IFS, Newtek's claim cannot survive dismissal. See id. ("To the extent Plaintiff alleges that the non-USF & G Defendants breached a contract duty, such allegations are dismissed because Plaintiff has not alleged a contractual relationship with any of the non-USF and G Defendants.") see also Arikat v. JP Morgan Chase & Co., 430 F. Supp. 2d 1013, 1021-22 (N.D.Ca. 2006) ("Plaintiffs' second cause of action for breach of contract is dismissed as plaintiffs fail to allege facts indicating the existence of a contract between plaintiff and any of the defendant."). Accordingly, Newtek's Complaint should be dismissed.

## CONCLUSION

For the reasons set forth herein, Defendant, Imagine Fulfillment Services, LLC, respectfully requests that this Court grant its motion to dismiss the Complaint for lack of personal jurisdiction and/or improper venue or, in the alternative, transfer this case to the United States District Court for the Central District of California, and grant it such other and further relief that this Court deems just and proper, including attorneys' fees and costs.

Dated: July 31, 2008
      New York, New York

                      Respectfully submitted,

                      VENABLE LLP
                      Rockefeller Center
                      1270 Avenue of the Americas, 25th Floor
                      New York, New York 10020
                      (212) 307-5500

By: _____
      Edmund M. O'Toole (EO-7939)
      Shaffin A. Datoo (SD-6929)

                      ATTORNEYS FOR DEFENDANT
                      Imagine Fulfillment Services, LLC